# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **VERNITRA DOBBINS,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | **1:24-CV-00062-RDP** |
| ) | **JURY TRIAL DEMANDED** |
| **JPMORGAN CHASE BANK;** ) | |
| **LOSS PREVENTION** ) | |
| **SERVICES, LLC; B & S** ) | |
| **COLLATERAL RECOVERY LLC,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff Vernitra Dobbins, by and through undersigned counsel, and for her amended complaint against the Defendants states as follows:

## STATEMENT OF THE PARTIES

1. The Plaintiff, Vernitra Dobbins, is a resident and citizen of the state of Alabama, Calhoun County, and is over the age of twenty-one (21) years.

2. The Defendant, JPMorgan Chase Bank, is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama.

3. The Defendant, Loss Prevention Services, LLC ("LPS"), is a foreign

1

entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama. LPS is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Calhoun County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

    4.  The Defendant, B & S Collateral Recovery LLC ("B & S"), is a domestic entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama. B & S is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Calhoun County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

    5.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, and § 1367. Venue is proper in that the Defendants transacted business here and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

## Defendants' Business Model

6. Upon information and belief, Defendant JPMorgan Chase Bank contracts with Defendant LPS to recover consumer vehicles in which Defendant JPMorgan Chase Bank claims a possessory interest.

7. Upon information and belief, this agreement states that Defendant LPS will assist in locating the vehicle, the physical recovery of the vehicle, and the care of the vehicle post-recovery. This is accomplished through the use of local repossession agents such as Defendant B & S.

8. Defendant JPMorgan Chase Bank pays Defendant LPS per recovery but only if the vehicle is successfully recovered. This pay structure creates an incentive to recover as many vehicles as possible by any means possible.

9. Defendant JPMorgan Chase Bank maintains control over the recovery process and maintains control over the vehicles taken.

10. Upon information and belief, Defendant LPS pays the local recovery entity per successful recovery. This pay structure creates an incentive to recover as many vehicles as possible by any means possible.

11. Upon information and belief, Defendant LPS maintains control over the recovery process by requiring compliance from Defendant B & S with Defendant LPS' policies, procedures, insurance requirements, training, etc. and also maintains control over the vehicle.

12. All events herein occurred in this District.

### Specific Facts to this Case

13. On January 25, 2019, Plaintiff purchased a 2014 Lexus ES 350 (the "Vehicle") from Sunny King Ford in Calhoun County, Alabama. Plaintiff financed the purchase of the Vehicle with Defendant JP Morgan Chase Bank.

14. Defendant JP Morgan Chase Bank held a lien/security interest in the Vehicle.

15. Plaintiff was the lawful owner of the Vehicle and had lawful possession of the Vehicle.

16. In or around November 2023, Defendant JPMorgan Chase Bank contracted with Defendant LPS and Defendant B & S to take possession of the Vehicle based on Plaintiff's alleged default in the financing agreement.

17. On November 17, 2023, Plaintiff was shopping at the Oxford Exchange in Calhoun County, Alabama.

18. As she prepared to back out of a parking space, a tow truck driver for Defendant B & S backed into the parking spot in front of her and raised the front of the Vehicle while Plaintiff was in the driver's seat of the Vehicle.

19. As Plaintiff attempted to back out, the tow truck driver exited the tow truck and stated to Plaintiff, "You're not going anywhere" or words to that effect.

20. Plaintiff asked the tow truck driver for identification and the tow truck

driver refused, only stating that she should call the bank.

21. Plaintiff exited the Vehicle and called her mother in fear.

22. Plaintiff also insisted the tow truck driver not take the Vehicle because Plaintiff had to pick up her sick daughter from school.

23. The tow truck driver replied by saying, "You can catch an Uber for all I care."

24. Plaintiff then asked to remove her personal belongings from the Vehicle. The tow truck driver refused to allow this to happen.

25. After this, the tow truck driver left the scene with the Vehicle leaving the Plaintiff stranded.

26. To date, Plaintiff has not recovered her personal belongings that were in the Vehicle or the Vehicle itself.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST ALL DEFENDANTS

27. The Plaintiff adopts the factual averments and allegations above as if fully set forth herein.

28. The Defendants were under a duty to implement reasonable procedures in ensuring there is no breach of the peace when taking vehicles.

29. The Defendants breached this duty.

30. As a proximate cause of Defendants' negligence, Plaintiff was

deprived of the Vehicle, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

31. These damages were or should have been foreseeable to the Defendants.

## COUNT TWO
## WANTONNESS CLAIM AGAINST ALL DEFENDANTS

32. The Plaintiff adopts the factual averments and allegations above as if fully set forth herein.

33. Defendants, with reckless disregard of the natural or probable consequences of its actions, acted in a manner that resulted in the unlawful taking of the Vehicle.

34. Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

35. As a proximate cause of Defendants' wantonness, Plaintiff was deprived of the Vehicle, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT THREE
## CONVERSION CLAIM AGAINST ALL DEFENDANTS

36. The Plaintiff adopts the factual averments and allegations above as if fully set forth herein.

37. The Plaintiff was the owner and/or in lawful control of the Vehicle.

38. The Defendants did not have a present and immediate right of possession of the Vehicle due to a breach of the peace.

39. Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of her rightful possession of the Vehicle.

40. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

41. As a result of the Defendants conduct, Plaintiff was deprived of the Vehicle, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT FOUR
## FDCPA CLAIM AGAINST
## DEFENDANT LPS AND DEFENDANT B & S

42. The Plaintiff adopts the factual averments and allegations above as if fully set forth herein.

43. The Defendant LPS and Defendant B & S has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act ("FDCPA").

44. Defendants took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6);

45. As a result of Defendants' conduct, Plaintiff was deprived of the

Vehicle, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment against the Defendants as follows:

A.  Compensatory and punitive damages against the Defendants;

B.  Remedies available under the FDCPA against Defendant LPS and Defendant B & S including statutory damages, costs and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

C.  Such other and further relief this Court deems necessary, just, and proper.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

*/s/ W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for the Plaintiff

**OF COUNSEL:** COCHRUN & SEALS, LLC
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com


 */s/ John C. Hubbard*

                                        JOHN C. HUBBARD,
                                        Attorney for the Plaintiff

**OF COUNSEL:**

**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
T: (205) 410-6491
E: jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
 Ms. Vernitra Dobbins
C/O Plaintiff's Counsel
P. O. Box 10448
Birmingham, AL 35202-0448

**Please serve Defendants via Certified Mail, Return Receipt Requested at the following addresses:**

**JPMORGAN CHASE BANK**
Jacob A. Burchfield
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203

**LOSS PREVENTION SERVICES, LLC**
Capitol Corporate Services, Inc.
248 E Capitol St., Ste 840
Jackson,  MS 39201

**B & S COLLATERAL RECOVERY LLC**
Jayson Click
175 Henryville Circle Suite B
Guntersville, AL 35976